<u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, Lauren Viup, being duly sworn, depose and state as follows:

1. Your Affiant has been employed by the Bureau of Alcohol, Tobacco, Firearms, & Explosives (ATF) as a Special Agent (SA) since January of 2016. Affiant is currently assigned to the Louisville Field Division (LFD). In connection with my official ATF duties I investigate criminal violations of state and federal firearms laws including, but not limited to, violations of Title 18, United States Code, Sections 922 and 924. Affiant has received specialized training in the enforcement of laws concerning firearm related offenses as found in Title 18 of the United States Code. Affiant also has been involved in various types of electronic surveillance, and in the debriefing of defendants, witnesses and informants, as well as others who have knowledge of firearms related offenses. The following information has been obtained through personal observation and knowledge or was told to this Affiant by other law enforcement agents. This affidavit does not contain every fact know to me, but states only those facts necessary to establish probable cause for an arrest warrant for violations of Title 18, United States Code, Section 922(g)(1).

2. On December 17, 2020, your affiant reviewed surveillance footage from Knob Creek Range recorded on November 13, 2020, and observed Quentin MCDOUGLE and Jibreel RAY both handle and shot the firearm just purchased by Jamekqua HOLT. The firearm in question is a Ruger, Model 57, Caliber 5.7x28, bearing serial number 641-65546.

3. MCDOUGLE and RAY can both be seen on the firing line at Knob Creek Range. RAY pulled a black pistol from his right pocket and put it on the shooting table. MCDOUGLE put a long black case down and set up his target. RAY put a holster in a front appendix carry position. MCDOUGLE opened the long black case, which held

a long gun. A second pistol was stacked on top of the long gun case. RAY fired at least one of the pistols and MCDOUGLE fired the long gun. The actual firing of the weapons was slightly off camera, however, you could see MCDOUGLE's body jerk from the recoil of the firearm. When RAY was done shooting the pistol the slide was locked to rear, indicative of firing all the ammunition in the inserted magazine. MCDOUGLE and RAY appeared to be recording each other shooting via their cellular phones.

4. After a period of time, HOLT joined them, carrying the aforementioned Ruger firearm she just purchased. RAY and MCDOUGLE both handled and shot the firearm.






5. On November 27, 2020, Special Agent (SA) Joseph Persails, an Interstate Nexus Examiner, gave the verbal opinion that the Ruger, Model 57, was manufactured in Prescott, Arizona, thus having moved in or affected interstate commerce.

6. MCDOUGLE is a previously convicted felon pursuant to Jefferson County, Kentucky, Jefferson Circuit Court case number 15-CR-001395-002, in which MCDOUGLE was convicted of Convicted Felon in Possession of a Firearm, Trafficking in Controlled Substance – 1st Degree, 1st Offense (less than four grams of cocaine), Trafficking in Controlled Substance – 1st Degree, 1st Offense (greater or equal to four grams of cocaine), crimes punishable by more than one year in prison.

7. RAY is a convicted felon pursuant to Jefferson County, Kentucky, Jefferson Circuit Court case number 18-CR-00734, in which RAY was put on diversion for Enhanced Trafficking in Marijuana, Less Than Eight Ounces – 1st Offense, which he has not completed. This offense is a felony. In Kentucky, an individual who is on felony

diversion is considered a convicted felon for purposes of being prohibited from possessing a firearm until such time as he successfully completes diversion.

8. The evidence outlined above establishes probable cause to believe the following criminal acts were completed on or about November 13, 2020, in Bullitt County, Kentucky, located in the Western District of Kentucky:

    a. Quentin MCDOUGLE and Jibreel RAY possessed a firearm which had been shipped or transported in interstate or foreign commerce, each having been previously convicted of a crime punishable by imprisonment for a term exceeding one year and with knowledge of such felony convictions, in violation of 18 U.S.C. § 922(g)(1).

_____
Lauren Viup, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me by telephone on December 18, 2020 in accordance with Fed. R. Crim. P. 4.1.

_____
Regina S. Edwards
UNITED STATES MAGISTRATE JUDGE