UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                                  PLAINTIFF

v.                                                                                      CRIMINAL NO. 3:20-MJ-00788-RSE

QUENTIN MCDOUGLE                                                                                        DEFENDANT

**UNITED STATES' MOTION TO
EXTEND TIME IN WHICH TO FILE INDICTMENT**

The United States of America, by counsel, hereby moves this Court to continue the thirty-day time period imposed by the Speedy Trial Act for returning an indictment in the above-captioned case, and to exclude such time for all Speedy Trial Act purposes, including, but not limited to the thirty-day time period under 18 U.S.C. § 3161(b) in which an information or indictment must be filed.

The United States initiated this case via complaint and arrest warrant. A complaint was filed and a federal arrest warrant issued for Defendant McDougle on December 18, 2020. The defendant was subsequently taken into federal custody on December 21, 2020, and first appeared before the United States Magistrate Judge on that December 21, 2020. On December 22, 2020, the defendant was released. Under 18 U.S.C. § 3161(b) an indictment or information must be filed within thirty days from the date on which a defendant was arrested. Under normal circumstances, this would require the United States to seek an indictment filed no later than January 20, 2021.

On November 3, 2020, Chief Judge Greg N. Stivers issued General Order No. 20-23 In Re: Court Operations Related to COVID-19, which included a directive stating that "[a]ll grand jury proceedings are continued through December 31, 2020." (Gen. Order 20-23, ¶ 5). The Order noted

that new grand juries would not be impaneled in the Bowling Green and Louisville divisions in December as previously scheduled, as "impaneling new grand jurors cannot be done without seriously jeopardizing public health and safety, including the health and safety of the prospective grand jurors, counsel, and Court staff." *Id*.

On January 15, 2021, Chief Judge Greg N. Stivers issued General Order No. 21-03 In Re: Seventh Supplemental Order Concerning Court Operations related to COVID-19. The Order further continued grand jury proceedings stating that "[a]ll grand jury proceedings are continued through April 2, 2021." (Gen. Order 21-03, ¶ 4).

As a result of this Order, the next scheduled date for an impaneled and sitting grand jury in the Western District of Kentucky is April 13, 2021, when the grand jury for the Paducah division is scheduled to be in session.

The United States is continuing to investigate and prosecute this case, and plans to diligently prepare it for indictment, including making arrangements to obtain available witnesses to testify before a grand jury. Nonetheless, the United States is cognizant of the concerns identified in General Order 21-03, and of the public-health risk created for government counsel, witnesses, grand jurors, and Court personnel by assembling during the period of the public-health emergency created by the COVID-19 pandemic.

The Speedy Trial Act automatically provides for an additional thirty days to seek an indictment "in a district in which no grand jury has been in session during such thirty-day period." 18 U.S.C. § 3161(b). The Speedy Trial Act also excludes from "the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence," any period of delay based on a continuance granted by "any judge" based on "findings that the ends of justice served by taking such action outweigh the best interest

2

of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h) & (h)(7)(A). The court must set forth "in the record of the case" its reasons supporting such a finding, after considering the factors identified in the statute, among others. *Id.*, § 3161(h)(7)(A) & (B). Additionally, a national pandemic most certainly falls under 18 U.S.C. § 3161(h)(7)(B)(iii), which allows a court excluding time to consider "[w]hether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b)." *See, e.g., Furlow v. United States*, 644 F.2d 764, 767–69 (9th Cir. 1981) (affirming Speedy Trial exclusion after eruption of Mt. St. Helens); *United States v. Scott*, 245 Fed. Appx. 391, 394 (5th Cir. 2007) (Hurricane Katrina)).

    In General Order No. 21-03, the Court found as follows:

> [D]ue to the public health risks associated with summoning large groups of prospective jurors, the public's perceptions of the risks associated with jury service, and its reduced ability to obtain an adequate spectrum of jurors, the time period of the continuance caused by this Order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court specifically finds that the ends of justice served by taking this action outweigh the interests of the parties and the public in a speedy trial. Subject to intervening orders, the period of exclusion shall be from the date of this Order through December 31, 2020. The district judge assigned to the matter may extend this period as circumstances may warrant. This Order and period of exclusion is incorporated by reference as a specific finding pursuant to 18 U.S.C. § 3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies. *See Zedner v. United States*, 547 U.S. 489, 506-07 (2006).

(Gen. Order 21-03, ¶ 5).

Accordingly, to eliminate the risk of dismissal under the Speedy Trial Act, and to comply with the statute, the Court's General Orders, and public-health requirements, the United States respectfully requests that this Court (1) grant this motion; (2) find that the ends-of-justice require the Court to continue the thirty-day clock in this case, with the thirty-day period to begin anew on

3

the date that this Court, through a new General Order, permits grand juries in the Western District of Kentucky to resume meeting and proceed generally, in the normal course; and (3) exclude the period of time between the date on which Defendant was arrested and the date on which the Court first permits grand juries in the Western District of Kentucky to resume meeting and proceeding generally, for all Speedy Trial Act purposes, including, but not limited to the thirty-day time period under 18 U.S.C. § 3161(b) in which an information or indictment must be filed.

Respectfully Submitted,

RUSSELL M. COLEMAN
UNITED STATES ATTORNEY

*s/ Alicia P. Gomez*
Alicia P. Gomez
Assistant United States Attorney
717 West Broadway
Louisville, Kentucky 40202
(502) 582-6326
(502) 582-5067 (fax)
alicia.gomez@usdoj.gov

**CERTIFICATE OF SERVICE**

On January 20, 2021, I electronically filed this document through the ECF system, which will send a notice of electronic filing to all Counsel of record.

*s/ Alicia P. Gomez*
Assistant United States Attorney