UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                                                        CRIMINAL NO. 3:20-MJ-00788-RSE

QUENTIN MCDOUGLE                                                                            DEFENDANT

### ORDER EXTENDING TIME TO FILE INFORMATION OR INDICTMENT

Having considered the United States' Motion to Extend Time in which to File Indictment, as well as the Western District of Kentucky's General Orders No. 20-02, 20-08, 20-09, and 20-23 In Re: Court Operations Related to COVID-19, and finding that good cause exists supporting the same, the Court hereby finds as follows:

1. The government filed a complaint in this case on December 18, 2020, and this Court issued an arrest warrant on the same date. Defendant was arrested on December 21, 2020, and first appeared before this Court on December 21, 2020. Defendant was ordered released on December 22, 2020. The Speedy Trial Act, 18 U.S.C. § 3161, ordinarily would require that an indictment or information charging the defendant with the commission of an offense must be filed on or before January 20, 2021. 18 U.S.C. § 3161(b). Further, under normal circumstances, 18 U.S.C. § 3164(b) requires that the trial of any person who is detained solely because he or she is awaiting trial must commence no later than 90 days following the beginning of such continuous detention.

2. On November 3, 2020, Chief Judge Greg N. Stivers issued General Order No. 20-23 In Re: Court Operations Related to COVID-19, which included a directive stating that "[a]ll grand

jury proceedings are continued through December 31, 2020." (Gen. Order 20-23, ¶ 5). The Order noted that new grand juries would not be impaneled in the Bowling Green and Louisville divisions in December as previously scheduled, as "impaneling new grand jurors cannot be done without seriously jeopardizing public health and safety, including the health and safety of the prospective grand jurors, counsel, and Court staff." *Id.*

3. On January 15, 2021, Chief Judge Greg N. Stivers issued General Order No. 21-03 In Re: Seventh Supplemental Order Concerning Court Operations related to COVID-19. The Order further continued grand jury proceedings stating that "[a]ll grand jury proceedings are continued through April 2, 2021." (Gen. Order 21-03, ¶ 4).

4. As a result of this Order, the next scheduled date for a sitting grand jury in the Western District of Kentucky is April 13, 2021, when the grand jury for the Paducah division is scheduled to be in session.

5. No grand juries have met in the Western District of Kentucky since the issuance of General Order 20-23. The Speedy Trial Act automatically provides for an additional thirty days to seek an indictment "in a district in which no grand jury has been in session during such thirty-day period." 18 U.S.C. § 3161(b).

6. For these reasons, the ends-of-justice are served by continuing the thirty-day statutory Speedy Trial Clock set forth in 18 U.S.C. § 3161(b), resetting the thirty-day period to begin anew on the date that this Court permits grand juries in the Western District of Kentucky to resume meeting and proceed generally, in the normal course, as communicated through a new General Order, and excluding the period of time between the date on which the defendant was arrested and the date on which this Court first permits grand juries in the Western District of Kentucky to resume meeting and proceed generally, for all Speedy

   Trial Act purposes. Further, given the foregoing, doing so outweighs the best interest of the public and defendant in a speedy indictment and speedy trial.

7. Failure to grant the requested continuance continuing the thirty-day statutory Speedy Trial clock would require to the Court to dismiss any complaint for which an information or indictment has not been filed within 18 U.S.C. § 3161(b)'s required thirty-day time limit, either with or without prejudice, 18 U.S.C. § 3162(a)(1), which may result in a miscarriage of justice.

8. Failure to continue this case is also likely to put government counsel, witnesses, grand jurors, and Court personnel at unnecessary risk.

9. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government, or failure on the part of the attorney for the United States to obtain available witnesses.

   THEREFORE, FOR GOOD CAUSE SHOWN:

1. The thirty-day statutory Speedy Trial Clock set forth in 18 U.S.C. § 3161(b), which was originally set to expire on January 20, 2021, is hereby continued until thirty days after the date on which this Court permits grand juries in the Western District of Kentucky to resume meeting and proceed generally, in the normal course, based on the Court's assessment of the public-health concerns raised by the coronavirus (COVID-19) and communicated through a new General Order.

2. Pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iii), the time period of December 21, 2020, to the date that this Court permits grand juries in the Western District of Kentucky to resume meeting and proceed generally, in the normal course, communicated through a new General Order, inclusive, is hereby excluded in computing the time for all Speedy Trial Act purposes, including but not limited to the time within which an indictment or information must be filed (18 U.S.C. § 3161(b)).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which an indictment or information must be filed or a trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which indictment or information must be filed or a trial must commence.

IT IS SO ORDERED.

Dated this _____ day of January, 2021.

_____<br>United States Magistrate Judge

cc:   USAO (2020R00565)
      Counsel of Record