**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE**
(electronically filed)

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| V. | NO. 3:21-CR-17-DJH |
| QUENTIN MCDOUGLE | DEFENDANT |

_____

**DEFENDANT'S OBJECTION TO MOTION TO EXTEND
TIME FOR FILING INFORMATION OR INDICTMENT**

Comes the defendant, Quentin McDougle, through counsel, and objects to the United States' request to extend the time for presenting the case against him to a Grand Jury. (DN 8). Such a request would cause an unreasonable delay in the presentation to a Grand Jury in violation of his due process and speedy trial rights under the Fifth and Sixth Amendments. Mr. McDougle requests this court dismiss the pending criminal complaint pursuant to FRCrP 48(b). In support of this Motion, Mr. McDougle states the following:

Mr. McDougle was arrested on December 21, 2020 after a criminal complaint was issued on December 18th for conduct that allegedly occurred on November 13, 2020. The conduct complained of is the alleged possession of firearm while Mr. McDougle had the status of being a prohibited person. At his initial appearance on December 22, 2020, Mr. McDougle was released on home confinement to await indictment and further proceedings. At the time the criminal complaint was issued, one month after the alleged possession was viewed on video tape, the Order restricting grand juries in WDKY was already in effect. On November 3, 2020, General Order 20-23 was issued, delaying grand juries through December 31st. On the day the General Order was issued, there were 1,641 new cases of COVID in Kentucky, with 18 of those new cases being in McCraken County, where the Paducah Division is located. On December 4th, the

grand jury hiatus was extended through February 26, 2021, by Order No. 20-25. On December 4th, Kentucky had 3,655 new COVID cases with 47 new cases in McCracken. On January 21, 2021, General Order 21-04 was entered allowing grand juries to meet in Paducah. On that date, there were 3,555 new cases in Kentucky with 44 new cases in McCracken. Eventually, despite the continued large number of COVID cases in Kentucky, and in McCraken County, and despite news stories of the emergence of new, more highly contagious COVID variants, the United States decided it was ready to take the necessary risks to empanel a grand jury. The Indictment against Mr. McDougle was issued 64 days after his arrest, and 63 days after his initial appearance and placement on home confinement. The eventual meeting of the grand jury came too late to meet the Speedy Trial Rights accorded to Mr. McDougle, and for no clear reason. Had the United States taken Mr. McDougle's rights with the level of gravity due to such rights, they would have made the seemingly arbitrary decision to empanel a grand jury in February earlier.

The Pandemic is undeniably causing a strain in the judicial system. Constitutional rights have been put on hold, at a cost to criminal defendants and Due Process. All around the country, court systems are coming up creative solutions:

> Federal and state statutes prescribe methods for the selection of grand jurors and how they perform their service, but the Constitution does not. So many of the grand-jury innovations currently under way may well pass constitutional muster, so long as the resulting panels still reflect a fair cross section of the community. For example, the Southern District of New York is permitting grand jurors to meet semi-remotely, assigning some grand jurors to a courthouse in White Plains, and others to Manhattan. Similarly, the federal district of Montana is allowing grand jurors to report to whichever of its five courthouses is closest to their home, and then connecting the panel virtually. New Jersey and Arizona are allowing some grand juries to meet entirely remotely, including from home. New York State has resumed in-person grand juries, with jurors required to wear masks at all times and courtrooms adapted for social distancing.

"The Constitution Is On Pause in America's Courtrooms," Jessica A. Roth, Law Professor at Cardozo Law School, *The Atlantic*, Oct. 10, 2020 <https://www.theatlantic.com/ideas/archive/2020/10/constitution-pause-americas-courtrooms/616633/>. Grand jury alternatives were available, as demonstrated by the eventual empanelment of a grand jury that indicted Mr. McDougle, despite the continued high number of COVID cases, after the time period allowed under 18 U.S.C 3161(b) had expired. When to arrest Mr. McDougle and when to empanel a grand jury were within the exclusive control of the United States. The arbitrary timing of the grand jury was a violation of Mr. McDougle's rights to due process and to a speedy trial. Pre-indictment home confinement for two months was not reasonable.

**WHEREFORE**, Mr. McDougle respectfully objects to the United States' request for an extension of time to file an Indictment and requests this Court dismiss the pending complaint pursuant to FRCrP 48(b) and the resulting, out-of-time, indictment.

**Respectfully submitted**,
/s/   *Rob Eggert*
**ROB EGGERT**
600 West Main Street
Suite 200
Louisville, Kentucky 40202
(502) 540-5700

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 12, 2021, the foregoing objection was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all of the attorneys of record.

**/s/**   *Rob Eggert*
**Rob Eggert**