UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                              Plaintiff,

v.                                            Criminal Action No. 3:21-cr-17-DJH

QUENTIN McDOUGLE,                                                    Defendant.

* * * * *

**<u>MEMORANDUM OPINION AND ORDER</u>**

Defendant Quentin McDougle is charged with possessing a firearm as a convicted felon. (Docket No. 9)  After the filing of a criminal complaint (D.N. 1) and McDougle's arrest and initial appearance (D.N. 5) but before this case was assigned to a district judge (D.N. 10), the United States moved to extend the time for filing an indictment under the Speedy Trial Act. (D.N. 8)  In a belated response, McDougle opposes the motion.  (D.N. 28; *see* D.N. 23 (directing McDougle to respond))  For the reasons explained below, the Court will grant the government's motion.

**I.**

The Speedy Trial Act provides that

[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.  If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

18 U.S.C. § 3161(b).  In this case, McDougle was arrested on December 21, 2020; an indictment was returned sixty-four days later, on February 23, 2021.  (D.N. 9)

1

For the first thirty days following McDougle's arrest, the Court was operating under a series of general orders that continued all grand-jury proceedings in the Western District of Kentucky through December 31, 2020; February 26, 2021; and April 2, 2021, respectively. *See* Gen. Order 20-23 (W.D. Ky. Nov. 3, 2020); Gen. Order 20-25 (W.D. Ky. Dec. 4, 2020); Gen. Order 21-03 (W.D. Ky. Jan. 15, 2021). Because McDougle was charged with a felony and "no grand jury [was] in session" for the first thirty days after his arrest, that time falls within the Speedy Trial Act's automatic extension. 18 U.S.C. § 3161(b); *see United States v. Mann*, 701 F.3d 274, 284-85 (8th Cir. 2012) (observing that "[t]he plain language of section 3161(b) is unambiguous" and that "[p]ursuant to the language of the statute, the extension of time is automatic"); *United States v. Cortez*, No. 20-10198-FDS, 2021 U.S. Dist. LEXIS 27242, at *13-*14 (D. Mass. Feb. 12, 2021) (finding that "[t]he initial 30-day period was automatically extended an additional 30 days pursuant to § 3161(b)" where grand-jury proceedings were suspended during that time due to the COVID-19 pandemic). Thus, only the remaining four days before McDougle's indictment—February 19 to February 23, 2021—are at issue.[1]

The Court has already made a preliminary finding that the delay caused by the grand-jury continuance is excludable under the Speedy Trial Act. Each General Order stated:

> The Court finds that due to the public health risks associated with summoning large groups of prospective jurors, the public's perceptions of the risks associated with jury service, and its reduced ability to obtain an adequate spectrum of jurors, the time period of the continuance caused by this Order shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), as the Court specifically finds

---

[1] Shortly after General Order 21-03 was entered, the United States moved to be allowed to present cases to the grand jury in Paducah on February 16 and 17. Finding that the government "ha[d] presented exceptional circumstances such that it [was] in the interests of justice to grant [the] request," the Court permitted grand-jury proceedings on those two days, in a single division, with strict safety precautions. Gen. Order 21-04 (W.D. Ky. Jan. 21, 2021). The proceedings were ultimately held one week later, on February 23 and 24, due to inclement weather. Gen. Order 21-04 (amended) (W.D. Ky. Feb. 12, 2021).

2

that the ends of justice served by taking this action outweigh the interests of the
parties and the public in a speedy trial.

This exclusion was "incorporated by reference as a specific finding pursuant to 18 U.S.C. §
3161(h)(7)(A) in the record of each pending case where the Speedy Trial Act applies." *Id.*
(citing *Zedner v. United States*, 547 U.S. 489, 506-07 (2006)). The General Orders
acknowledged "the right of criminal defendants to a speedy and public trial under the Sixth
Amendment to the United States Constitution, and the particular application of that right in cases
involving defendants who are detained pending trial"; the Court further stated that "[n]o party
impacted by the Court's analysis regarding the time excluded under the Speedy Trial Act is
foreclosed from seeking relief from th[e] General Order[s]." *Id.*

McDougle did not independently seek relief from the General Orders. In response to the
government's motion, he essentially argues that because the grand jury met in February 2021, it
could have met before the Speedy Trial Act deadline expired. (*See generally* D.N. 28)
McDougle asserts that "[w]hen to arrest [him] and when to empanel a grand jury were within the
exclusive control of the United States" and suggests that the timing of his indictment was
"arbitrary." (*Id.*, PageID # 75) As noted above, however, the grand jury was convened only
upon order of the Court after a finding of "exceptional circumstances," Gen. Order 21-04, and
those limited grand-jury proceedings were postponed for reasons beyond the government's (or
the Court's) control. The United States promptly sought relief from the continuance after
learning that grand-jury proceedings would not resume on February 26 as previously ordered.
*See* Gen. Order 21-04. If not for the weather delay, McDougle would have been indicted before
the automatic thirty-day extension expired. *See id.* The timeline of this case thus does not
reflect undue delay on the part of the United States.

Moreover, for all the reasons identified by Chief Judge Stivers in the General Orders quoted above, it was "unreasonable to expect return and filing of the indictment within the period specified in section 3161(b)" at the time of McDougle's arrest.  18 U.S.C. § 3161(h)(7)(B)(iii); *see United States v. Briggs*, No. 2:20-cr-00206-JMG, 2021 U.S. Dist. LEXIS 44653, at *31 (E.D. Pa. Mar. 10, 2021) (finding no Speedy Trial Act violation in 124-day gap between defendant's arrest and indictment and describing chief judge's continuance of indictment deadline under § 3161(h)(7)(B)(iii) as "necessary and dictated by a once-in-a-lifetime health crisis that brought the entire nation to a virtual halt").  And McDougle suffered no significant prejudice from the brief delay, as he is not in custody; he was released on bond the day after his arrest.  (*See* D.N. 7)  Finally, the Court notes that until ordered to file a response to the government's motion, McDougle had not invoked his rights under the Speedy Trial Act; indeed, he had filed his own motion to continue the trial.  (D.N. 25)  In sum, the Court finds that the ends of justice served by the requested continuance outweigh the best interest of the public and McDougle in a speedy trial.  *See* 18 U.S.C. § 3161(h)(7)(A).

## II.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the motion to extend (D.N. 8) is **GRANTED** nunc pro tunc.  Pursuant to 18 U.S.C. § 3161(b), the time for filing an indictment as to Defendant McDougle is **EXTENDED** for thirty days, **from January 20, 2021, to February 19, 2021**.  The Court further finds that **the period of delay from February 19, 2021, to February 23, 2021, is excludable in computing the time within which an indictment must be filed under the Speedy Trial Act**. Specifically, the Court finds that the ends of justice served by the brief delay outweigh the best

interest of the public and the defendant in a speedy trial in light of the significant public-health concerns surrounding the COVID-19 pandemic and the resulting suspension of grand-jury proceedings in this District.  *See* 18 U.S.C. § 3161(h)(7)(A), (B)(iii).

June 3, 2021

David J. Hale, Judge
United States District Court

5