UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,                                                      Plaintiff,

v.                                                    Criminal Action No. 3:21-cr-17-DJH

JIBREEL RAY and
QUENTIN McDOUGLE,                                                          Defendants.

* * * * *

## MEMORANDUM OF CONFERENCE AND ORDER

A telephonic status conference was held in this matter on June 25, 2021, with the following counsel participating:

    For the United States:       Alicia Gomez

    For Defendants:              Philip Longmeyer
                                 Pat Renn (appearing for Rob Eggert)

The Court and counsel discussed the procedural posture of the case.  Based on the discussion during the conference, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     This matter is set for a telephonic status conference on **July 6, 2021, at 2:00 p.m.** Counsel for the parties shall connect to the telephonic status conference by dialing the toll-free number 1-877-402-9753 and entering access code 9073187#.

(2)     This matter is set for trial by jury on **August 23, 2021, at 9:30 a.m.** at the Gene Snyder U.S. Courthouse in Louisville, Kentucky.  Counsel shall be present in court at 9:00 a.m.

(3)     Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from June 25, 2021 to August 23, 2021 is excludable in computing the time within which the trial must commence under the**

1

**Speedy Trial Act**.  The Court further finds that the ends of justice served by this delay outweigh the best interests of the public and the defendants in a speedy trial because failure to grant such a continuance would deny the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  *See* § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006).  This continuance is not being granted "because of general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government."  § 3161(h)(7)(C).

    (4)    **No later than 4 weeks prior to trial**, each party shall file the following:

        (a)    A trial memorandum containing

            (i)    The statute(s) involved and elements of the offense(s) (with discussion of authorities, if disputed).

            (ii)    A statement of undisputed and disputed facts.

            (iii)    A separate statement of each unresolved substantive issue of law, with discussion and citations to authorities.

            (iv)    A statement of evidentiary issues it is reasonably believed will be raised at trial, together with citations to the appropriate Federal Rules of Evidence and authorities in support of the position taken.

            (v)    A statement of any known or reasonably anticipated potential trial problems, or other issues that may assist the Court in trying the case.

        (b)    Proposed substantive and special jury instructions with citations to authorities.  It is not necessary to submit standard general instructions. Additional requests at trial are to be kept to a minimum.

        (c)    Proposed voir dire questions.

        (d)    A brief proposed statement of the case suitable for reading to the jury pool at the start of voir dire.

    Counsel shall file an exhibit list and premark for identification purposes all exhibits intended to be used at trial.  Counsel shall file a stipulation as to the authenticity

of the exhibits.  Any objections to the authenticity of the exhibits shall be heard prior to trial at a time and place to be set by the Court.

The United States shall submit, for the Court's *in camera* review, a proposed witness list with a brief summary of the expected testimony of each witness and an estimate as to the amount of time that will be required to present the testimony in chief of each witness.  The witness list shall be submitted via e-mail to **chambers_judgehale@kywd.uscourts.gov**.

At the commencement of trial, the United States shall furnish the official court reporter a list of premarked exhibits intended to be used at trial.

The United States shall retain possession of physical exhibits (e.g., weapons, ammunition, drugs, etc.) during and after the trial, pending further orders of the Court.

(5)     Any **motions in limine** shall be filed **no later than 3 weeks prior to trial**.

**Responses** shall be filed **no later than 2 weeks prior to trial**.  There shall be **no replies**.

(6)     Any motion to suppress by Defendant Ray shall be filed **within 10 days of entry**

**of this Order**.

(7)     All motions, responses, and replies made pursuant to this Order shall be

accompanied by a memorandum and shall conform to and are subject to the requirements and

time limitations contained in Local Criminal Rule 12.1, except as otherwise provided herein.

June 28, 2021

**David J. Hale, Judge**
**United States District Court**

Court Time: 00/10
Court Reporter: Dena Legg

cc:     Jury Administrator

3