**FILED**
JAMES J. VILT, JR. - CLERK

AUG 0 9 2021

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                                                          CRIMINAL NO. 3:21-CR-17-DJH

QUENTIN MCDOUGLE                                        DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, Acting United States Attorney for the Western District of Kentucky, and defendant, Quentin McDougle, and his attorney, Rob Eggert, have agreed upon the following:

1. Defendant acknowledges that he has been charged in the Indictment in this case with a violation of Title 18, United States Code, Sections 922(g)(1), and 924(a)(2). Defendant further acknowledges that the Indictment in this case seeks forfeiture of a Ruger, Model PC Charger, 9-millimeter handgun, bearing serial number 913-16283, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, by reason of the offense charged in Count 2 of the Indictment.

2. Defendant has read the charges against him contained in the Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Count 2 in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

   On November 13, 2020, at Knob Creek Range, located Bullitt County, Kentucky, in the Western District of Kentucky, Quentin McDougle handled and shot a firearm purchased by Jamekqua Holt. The firearm was a Ruger, Model PC Charger, 9-millimeter handgun, bearing serial number 913-16283. The Ruger was manufactured outside the Commonwealth of Kentucky; thus, it moved in or affected interstate commerce.

   Prior to November 13, 2020, Quentin McDougle had been convicted of a felony and he had knowledge that his prior felony convictions prohibited him from lawfully possessing a firearm.

  4. Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of 10 years, a maximum fine of $250,000, and no more than a 3-year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charge to which he will plead guilty he may be ordered to forfeit a Ruger, Model PC Charger, 9-millimeter handgun, bearing serial number 913-16283.

  5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.  Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7.  Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.  If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.  At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C.  At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being

3

drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District Court Clerk's Office by the date of sentencing.

11. At the time of sentencing, the United States will

-agree that a sentence of 70 months is the appropriate disposition of this case.

-agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.[1]

-agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

4

-demand forfeiture of a Ruger, Model PC Charger, 9-millimeter handgun, bearing serial number 913-16283.

At the time of sentencing, the defendant will

-agree that a sentence of 70 months is the appropriate disposition of this case.

-agree to forfeit a Ruger, Model PC Charger, 9-millimeter handgun, bearing serial number 913-16283.

12. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

    A. The Applicable Offense Level should be determined as follows:

| | |
|---|---|
| Base Firearm U.S.S.G. §2K2.1(a)(2) | 24 |
| Acceptance of Responsibility U.S.S.G. §3E1.1(a)&(b) | -3 |
| **Total** | **21** |

    B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

13. Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack

his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

14. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

15. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

16. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession

6

of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

19. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

20. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

21. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and

defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
Acting United States Attorney

By:

_____          _08/09/2021_____
Alicia P. Gomez                                                   Date
Assistant United States Attorney


I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____          _08/09/2021_____
Quentin McDougle                                                Date
Defendant


I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____          _08/09/2021_____
Rob Eggert                                                      Date
Counsel for Defendant

MAB:APG