UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:21-CR-00017-DJH-2

**UNITED STATES OF AMERICA,**                                                                                      **Plaintiff,**

**v.**

**QUENTIN MCDOUGLE,**                                                                                              **Defendant.**

## ORDER

Before the Court are two Motions to Modify Pre-Trial Release Order (DNs 55, 56) filed by Defendant Quentin McDougle ("McDougle"). The United States filed a response. (DN 58.) District Judge David J. Hale referred McDougle's motions to the undersigned "for a hearing, if necessary, and disposition." (DN 57.) Therefore, these motions are ripe for review.

After a detention hearing, the Court ordered that McDougle was to be released on an unsecured bond with an order setting conditions of release. (DN 6.) Among those conditions were home incarceration with location monitoring and also that McDougle be supervised by a third-party custodian. (DN 7.) McDougle entered a guilty plea on August 9, 2021, and the Court ordered that he be permitted to remain on bond pursuant to his original conditions pending his November 4, 2021, sentencing. (DN 53.)

McDougle now requests three modifications to his release: (1) that he and his third-party custodian be permitted to relocate to a new address on Danzig Place; (2) that he be allowed to attend the birth of his child at University of Kentucky Hospital in Lexington, Kentucky on or about September 4, 2021; and (3) that he be granted a work release to work as a merchandise delivery driver at Luxrae "to work as many hours as possible in his job to accumulate income before he is sentenced." (DNs 55, 56.) The Court will consider each of McDougle's requests separately below.

### A.    New Residence

The United States indicated in its response that it did not object to McDougle's request to move so long as United States Probation approves the new location and McDougle's third-party custodian continues to reside with the Defendant. (DN 58.) United States Probation advised that it has no objection to the move, and McDougle's motion stated that his third-party custodian would move with him. (DN 56, at PageID # 134.) Accordingly, McDougle's motion will be granted as to this request as set forth below

### B.    Release for Childbirth

The United States indicated in its response that it did not object to McDougle's request to be released to attend the birth of his child so long as McDougle provided supporting documentation to United States Probation. (DN 58.) United States Probation advised that it did not object to the request but had some questions regarding why the birth was occurring in Lexington, Kentucky, instead of Louisville, Kentucky. Accordingly, McDougle's motion will be granted subject to the condition that he provide appropriate supporting documentation satisfactory to United States Probation as set forth below.

### C.    Work Release

The United States objected to McDougle being granted work release to be a delivery driver for Luxrae. (DN 58.) It represented that based on communication from United States Probation, there have been issues in the past with the owner of Luxrae, including that the owner allegedly granted employees access to firearms. (*Id.* at PageID # 138.) The United States also advised that McDougle currently has a suspended driver's license. (*Id.*) United States Probation indicated that it did not endorse McDougle's prospective employment placement. Though not styled as such, given that the Court previously restricted McDougle to home incarceration, his request for work

release is essentially a motion to reconsider the Court's detention decision. The resolution of the motion to reconsider the detention order is governed by 18 U.S.C. § 3142(f), which provides in part that the Court may reopen the detention hearing to consider additional evidence under the following circumstances:

> The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2). McDougle has made no such showing to demonstrate the need to reopen the hearing or change the Court's conclusion regarding the need for McDougle to participate in home incarceration to "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). The only potential new evidence is that McDougle has entered a guilty plea, would like to earn money prior to sentencing, and has a specific potential job, and none of these facts are sufficient to alter the Court's prior analysis. Given this and the concerns cited by the United States and United States Probation, McDougle's request for work release is denied.

Accordingly,

IT IS HEREBY ORDERED that McDougle's Motions to Modify Pre-Trial Release Order (DNs 55, 56) are **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) McDougle's request to move residences is **GRANTED** subject to the approval of the new residence by United States Probation. McDougle shall reside at the new residence with and remain in the custody of his third-party custodian. Once the residence is approved by United States Probation, McDougle shall make the

       necessary arrangements in advance with his supervising probation officer for the transfer of his location monitoring equipment.

(2)    McDougle's request for a release to attend the birth of his child is **GRANTED** subject to his production of appropriate supporting documentation advance to his supervising probation officer. McDougle shall provide any documentation requested by United States Probation. To the extent that the birth occurs in Lexington, Kentucky, McDougle is granted permission to travel to the Eastern District of Kentucky for this purpose. McDougle shall keep in contact with his supervising probation officer and comply with all requests from the same regarding this release.

(3)    McDougle's request for work release is **DENIED**.

(4)    All remaining conditions and provisions of the Court's prior orders (DNs 6,7) remain in full effect.

*Colin Lindsay*
Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record, United States Probation

August 25, 2021