UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                                      CRIMINAL NO. 3:21-CR-17-DJH

QUENTIN MCDOUGLE                                                      DEFENDANT

### SENTENCING MEMORANDUM

The United States of America, by counsel, files its memorandum in support of sentencing in this action currently scheduled for November 4, 2021. For the reasons set forth below, the United States respectfully requests that this Court accept the plea agreement and impose a sentence of 70 months imprisonment on the defendant, Quentin McDougle ("McDougle").

On August 9, 2021, McDougle pled guilty to a one-count indictment charging him with Felon in Possession of a Firearm, in violation of Title 18 U.S.C. § 922(g)(1). Pursuant to the plea agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States agreed to recommend a sentence of 70 months; a fine at the lowest end of the Sentencing Guideline range; and a reduction of 3-levels for acceptance of responsibility. Pursuant to the plea agreement McDougle also agreed that 70 months imprisonment was the appropriate resolution of the case and he agreed to forfeiture of a Ruger, Model PC Charger, 9-millimeter handgun, bearing serial number 913-16283.

On October 19, 2021, McDougle's final Presentence Report ("PSR") was disclosed to counsel. (DN 70). The United States and defense counsel did not object to the PSR. The United States agrees with the PSR's Sentencing Guidelines calculations and believes that McDougle's Total Offense Level should be 21, with a Criminal History Category of V, which produces a sentencing range of 70 to 87 months imprisonment. Pursuant to the plea agreement, the United States recommends a sentence of 70 months imprisonment, which is sufficient, but no greater

than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). Because McDougle's Sentencing Guidelines calculation is in Zone D, McDougle is ineligible for probation. USSG §5B1.1, comment (n.2). The United States also believes that the Proposed Special Conditions of Supervision, as outlined in the PSR, are appropriate and necessary.

This Court must ultimately affix a sentence which is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a). It is the position of the United States that a sentence of 70 months would accomplish the sentencing purposes of 3553(a).

For the reasons set forth herein, the United States respectfully requests that the Court accept the plea agreement, apply the Sentencing Guidelines and the statutory directives set out in 18 U.S.C. § 3553(a), and impose a sentence of 70 months imprisonment, followed by a period of supervised release.

Respectfully submitted,

MICHAEL A. BENNETT
Acting United States Attorney

*/s/ Ann Marie Blaylock*
Ann Marie Blaylock
Assistant U.S. Attorney
717 West Broadway
Louisville, Kentucky 40202
502-582-5911
ann.blaylock3@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 4, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel for defendant.

                                                 */s/ Ann Marie Blaylock*
                                                 Ann Marie Blaylock
                                                 Assistant U.S. Attorney